OPINION
Defendant-appellant, Nicholas Ladnow, appeals the decision of the Clermont County Court of Common Pleas, sentencing him to twelve-month prison terms for breaking and entering, forgery and receiving stolen property.
In December 2000, appellant pled guilty to charges of breaking and entering, forgery, and receiving stolen property, all fifth degree felonies. He was sentenced to twelve-month prison terms, the maximum, on each count. Two of the sentences were ordered to be served concurrently while the third was ordered to be served consecutively to the first two sentences. Appellant appeals the sentences, raising one assignment of error for our review:
 THE TRIAL COURT ERRED BY SENTENCING APPELLANT TO SERVE CONSECUTIVE, MAXIMUM PRISON TERMS FOR COMMISSION OF FIFTH DEGREE FELONY OFFENSES.
An appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(1). Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. The applicable record to be examined by a reviewing court includes the presentence investigative report, the trial court record in the case in which the sentence was imposed, and any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed. R.C. 2953.08(F)(1) through (3). The sentence imposed should be consistent with the overriding purposes of felony sentencing: to punish the offender and to protect the public from future crime by the offender. R.C. 2929.11(A).
Appellant first contends that the trial court's failure to find one of the factors listed in R.C. 2929.13(B)(1) precluded the trial court from imposing a prison sentence.
R.C. 2929.13(B) governs the sentencing of an offender who commits a fourth or fifth degree felony. The statute does not create a presumption that an offender who commits a fifth degree felony should be sentenced to community control rather than prison. Rather, the statute gives general guidance and a disposition against imprisonment for an offender who commits a fifth degree felony. See State v. Carr (Jan. 31, 2000), Butler App. No. CA99-02-034, unreported.
R.C. 2929.13(B) provides a trial court with two means of imposing a prison term. The trial court is required to first determine whether any of the factors enumerated in R.C. 2929.13(B)(1) are applicable. If the court finds that at least one of the factors is applicable, the court then reviews whether a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11. R.C. 2929.13(B)(2)(a). If the trial court determines that the offender is not amenable to community control, and that a prison term is consistent with R.C. 2929.11
purposes and principles of felony sentencing, the court is then required to impose a prison term. R.C. 2929.13(B)(2)(a).
Contrary to appellant's contention, a trial court's failure to find one of the enumerated imprisonment factors in R.C. 2929.13(B)(1) does not preclude it from imposing a prison sentence for a fifth degree felony. See Carr at 5. See, also, State v. Ward (Oct. 11, 1999), Madison App. No. CA98-12-039, unreported; State v. Jones (Nov. 4, 1999), Franklin App. No. 99-AP-72, unreported. A prison term may also be imposed when the trial court does not make a finding that one of the imprisonment factors under R.C. 2929.13(B)(1) is applicable to the offender. In this circumstance, the trial court reviews whether community control is consistent with the purposes and principles of felony sentencing by considering the seriousness and recidivism factors enumerated in R.C.2929.12. R.C. 2929.13(B)(2)(b). If the trial court concludes that a community control sanction is not consistent with the overriding purposes and principles of felony sentencing set forth in R.C. 2929.11, the trial court retains its broad discretion to impose a prison sentence. R.C.2929.13(A); Carr at 6.
In the instant case, the trial court determined that none of the R.C.2929.13(B)(1) factors were applicable. Despite this finding, the trial court may still impose a prison term after considering the seriousness and recidivism factors and finding that a community control sanction is inconsistent with the purposes and principles of felony sentencing. The trial court specifically found that appellant was not amenable to community control due to the great likelihood of recidivism. Therefore, we find that the trial court made the requisite findings to justify the imposition of a prison term pursuant to R.C. 2929.13(B) when there are no applicable imprisonment factors under R.C. 2929.13(B)(1).
Appellant next contends that the trial court erred by ordering maximum prison sentences.
A trial court may impose the maximum term of imprisonment upon an offender only if the trial court finds on the record that the offender "committed the worst form of the offense" or that the offender "pose[s] the greatest likelihood of committing future crimes." R.C. 2929.14(C). A trial court must provide the reasons underlying its decision to impose a maximum sentence. R.C. 2929.19(B)(2)(d) and (e); State v. Beard
(Sept. 5, 2000), Clermont App. No. CA2000-02-012, unreported.
The trial court found that appellant posed the greatest likelihood of recidivism. In support of its finding, the trial court discussed appellant's extensive juvenile record, including delinquent adjudications based on theft and burglary offenses. The trial court also discussed appellant's adult criminal record which includes a theft offense. The trial court noted appellant has been placed on probation several times, and that he has not responded favorably to such sanctions. Finally, the trial court found that, although appellant offered an excuse for his conduct, he failed to exhibit any true remorse. We find that the trial court's decision to sentence appellant to maximum prison terms for his offenses is amply supported by the record and is not contrary to law.
Appellant lastly contends that the trial court erred by ordering consecutive sentences.
Pursuant to R.C. 2929.14(E)(4), a trial court may impose consecutive terms of imprisonment if it makes three findings. First, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(E)(4). Second, the consecutive terms must not be disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Finally, the trial court must also find that one of the additional factors listed in R.C. 2929.14(E)(4)(a) through (c) applies:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Although not required to recite the exact language of the statute, the trial court is required to state sufficient supporting reasons for imposition of such sentences. R.C. 2929.19(B)(2)(c); see, also, Statev. Edmonson, 86 Ohio St.3d 324, 326.
The trial court stated in its entry that consecutive sentences are necessary to protect the public and that the consecutive sentences are not disproportionate to the seriousness of appellant's conduct. As well, the trial court found that appellant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime. A review of the sentencing hearing and entry demonstrates that the trial court carefully considered appellant's conduct and made findings sufficient to support the imposition of consecutive sentences. The trial court's decision to impose consecutive sentences is supported by the record and is not contrary to law. The assignment of error is overruled.
YOUNG, P.J., and POWELL, J., concur.